## ALLEN ET AL. V. CORBETT ET AL.

ADMINISTRATOR: ACTION UPON BOND.

*Appeal from Linn Circuit Court.*

FRIDAY, JUNE 13.

ACTION in chancery to recover against an administrator and the surety on his bond certain money alleged to have been received by the administrator for the use of the estate, for which he failed to account. Upon a final report the administrator had been discharged. The petition asks that the administrator be required to correct his report so as to show the receipt of the money, and that he be charged therewith, and judgment be entered against him and his surety therefor. Upon a trial on the merits plaintiffs' petition was dismissed. They now appeal to this court.

*J. B. Young,* for appellants.

*W. G. Thompson* and *Alexander Campbell,* for appellee.

BECK, CH. J.—I. The petition shows that plaintiffs are the heirs at law of Isaac L. Allen, deceased, and that defendant Corbett was duly appointed and qualified as the administrator of his estate. The other defendant is surety upon the administrator's bond. It is also shown that upon his final report the administrator was duly discharged in 1874. It is then alleged that one Gillett brought an action against plaintiff and others, and upon its disposition one hundred and eighty-four dollars and ninety-three cents was paid into court by the plaintiff therein for the use of the estate of which defendant Corbett is administrator, and of the heirs thereof, which was received by the attorney for Corbett appearing in the case, and that Corbett failed to charge himself with the same, and has never accounted for any part thereof.

The testimony shows that Gillett brought an action against the plaintiffs in this suit and others, for the purpose, among other things, of quieting the title to certain lands, and setting aside a tax title thereon held by the plaintiffs in this action as the heirs of Isaac L. Allen. In that action Gillett was permitted to redeem from the tax title which was set aside by the decree of the court. The money in controversy was paid into court for the redemption of the land, and was received by an attorney appearing in that action for the plaintiffs in this suit. Corbett's name also appeared as an attorney with him. While the evidence shows that the attorney first named received the money, there is an utter want of testimony to show that Corbett received it or any part of it. He was not present when the money was paid to the other attorney, and in fact never appeared personally in the case. It was not shown that the attorney receiving the money paid it to Corbett. He does not testify that it was paid to Corbett, but gives testimony tending to show that it was probably paid to another

party who claimed it. Corbett testifies positively and directly that he did not receive this money.

Even should it appear that Corbett, as the attorney of the plaintiff in this suit, received the money, it is difficult to see upon what grounds he would be liable on his official bond as administrator. The money belonged to the plaintiffs, not to the estate, and if it should be shown that he received it, he would be regarded as holding it as an attorney, not as an administrator. But this point need not be determined, as the evidence fails to show payment to Corbett at all.

II. Counsel for plaintiffs insist that if it be admitted Corbett did not receive the money, it was on account of his own neglect, and he is liable therefor. But the trouble with this position is that there is no claim made in the petition to recover on the ground of neglect. And, indeed, were any such issue raised in the pleadings the evidence is not sufficient to authorize the conclusion that Corbett was so negligent that he is liable upon his bond as administrator.

AFFIRMED.